## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELAL ELNAGGAR, | : | |
| Plaintiff, | : | |
| | : | 19-cv-3743-JMY |
| vs. | : | |
| | : | |
| GREGORY ALLARD; SCOTT WATSON; | : | |
| J. SCOTT WATSON P.C., AND | : | |
| WATSON AND ALLARD P.C., | : | |
| Defendants. | | |

### MEMORANDUM

**YOUNGE, J.**                                                    **MARCH 31, 2021**

This action involves claims under the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1962 (FDCPA).  Before the Court is Defendants' Motion to Dismiss the Complaint Pursuant to

Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5).  Finding the Motion to Dismiss

appropriate for disposition without oral argument, this Court will grant Defendants' Motion as

set forth below.

## I.        BACKGROUND

### A.        Relevant Procedural History

In the Complaint, Plaintiff alleges that Defendants violated Sections 1962e(2) and

1962e(5) of the FDCPA.  (Compl. ¶¶ 35(b), 35(c), ECF No. 1.)  Defendants filed a Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Defs.' Mot., ECF No. 5.)

Plaintiff filed an Opposition to the Defendants' Motion to Dismiss.  (Pl.'s Opp., ECF No. 8.)  In

his Opposition, Plaintiff for the first time argued that the Defendants' conduct violated 15 U.S.C.

§ 1692f.  (Pl.'s Opp. pp. 4-6.)

**B.** **Factual Background**

Plaintiff is a former student of the University of Pennsylvania who failed to make payments on his student loans.  (Compl. ¶ 21.)  Defendants are debt collection attorneys who represented the University of Pennsylvania in a debt collection action brought against the Plaintiff.  (*Id.* ¶ 23-26.)  The debt collection action was captioned *University of Pennsylvania v. Elnaggar*, No. SC-13-06-26-5862 (Phila. Mun. Ct.).  (*See* Compl. ¶ 27, Ex. A).  Defendants, on behalf of the University of Pennsylvania, obtained a default judgment against Plaintiff that was ultimately vacated in June of 2018.  (*Id.* ¶¶ 12, 30.)

Of specific relevance to this litigation, it is undisputed that Plaintiff owed $2,326.90 on his Perkins Loan, and collection of this debt is not barred by the applicable statute of limitations.  (*Id.* ¶ 34.)  Plaintiff also owed the amount of $5,899.99 on a separate loan that arose from an oral contract, implied in law.  (*Id.* ¶ 34-35.)  Plaintiff avers that the ability to institute collection litigation on this larger debt of $5,899.99 was barred by the applicable statute of limitations.  (*Id.* ¶ 35.)

Plaintiff alleges that after the default judgment was vacated in the underlying litigation, the University of Pennsylvania would not release the official version of Plaintiff's transcript and continued to withhold the same.  (*Id.* ¶¶ 17, 31, 41.)  In an attempt to obtain the release of Plaintiff's transcript, counsel for Plaintiff contacted Defendants.  (*Id.* ¶ 31.)  In an email allegedly sent to Defendants on August 17, 2018, Plaintiff's counsel wrote to Defendants: "Dear Counsel . . . Your client U of Pennsylvania has no legal right to enforce any claims against my client, Mr. Elnaggar, and cannot withhold his credentials as such.  We demand that U of Penn release his transcripts ASAP, to avoid any further action.  (Pl.'s Opp. pp. 3-4.)  Plaintiff alleges that on August 20, 2018, Defendant Gregory J. Allard, Esquire, responded to Plaintiff's

counsel's email as follows:

> Counsel: Our Client's position is that there is an outstanding balance owed for the Federal Perkins Loan and that they have a right to continue to pursue it.  The statute of limitations has not expired.  See 20 U.S.C.S. 1091a
>
> Gregory J. Allard, Esquire
> J. Scott Watson P.C.
> 24 Regency Plaza
> Glen Mills, Pennsylvania 19342

(Compl. ¶ 32.)

Following this email exchange, the University of Pennsylvania instituted an action against Plaintiff in Georgia state court seeking to collect on the outstanding balance of the Perkins Loan that was not barred by the applicable statute of limitations (the "Georgia Action"). (Defs.' Mot. p. 3; Defs.' Mot. Ex. A, ECF No. 5-4.)  The Georgia action was filed on behalf of University of Pennsylvania by Georgia counsel not parties to this action.  (*Id.*)

## II.     LEGAL STANDARD

### A.     <u>Rule 12(b)(6) Standard</u>

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend.  The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  See, e.g., *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990).  However, a court need not grant leave to amend when it would be an exercise in futility.  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

**B.**    **Legal Standard Under the FDCPA**

Courts generally employ a "least sophisticated debtor" standard to evaluate whether a particular debt collection practice violates the FDCPA.  *Jensen v. Pressler & Pressler*, 791 F.3d

4

413, 418 (3d Cir. 2015) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

Under this standard, "any lender-debtor communications potentially giving rise to claims under

the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor,"

because "a communication that would not deceive or mislead a reasonable debtor might still

deceive or mislead the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454

(3d Cir. 2006). This standard aims to "protect[] the gullible as well as the shrewd[,]" but it

nevertheless "preserv[es] a quotient of reasonableness and presum[es] a basic level of

understanding and willingness to read with care." *Jensen*, 791 F.3d at 418 (internal quotation

marks and citation omitted); see also *Lesher v. Law Offices of Mitchell N. Kay P.C.,* 650 F.3d

993, 997 (3d Cir. 2011) (characterizing the least-sophisticated debtor standard as a "low

standard"). The standard is objective, "meaning that the specific plaintiff need not prove that he

was actually confused or misled, only that the objective least sophisticated debtor would be."

*Jensen*, 791 F.3d at 419.

 Although the "least sophisticated debtor" standard is low, it "prevents liability for bizarre

or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness

and presuming a basic level of understanding and willingness to read with care." *Wilson v.

Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000). "Even the least sophisticated debtor is

bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgnt.*,

550 F.3d 294, 299 (3d Cir. 2008). "A debt collection letter is deceptive where 'it can be

reasonably read to have two or more different meanings, one of which is inaccurate.'" *Brown*,

464 F.3d at 455 (quoting *Quadramed*, 225 F.3d at 354).

 With specific reference to the case *sub judice*, communications by a debt collector to a

debtor's attorney can give rise to liability under the FDCPA. *See Allen ex rel. Martin v. LaSalle*

*Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (holding that communications directed to an attorney are actionable under Section 1692f because "[a] communication to a consumer's attorney is undoubtedly an indirect communication to the consumer").  However, some courts have applied a heightened standard to communications directed to a debtor's attorney.  *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 775 (7th Cir. 2007) (holding that where communications are sent to attorneys, a "competent attorney" standard is applied when determining if the communication at issue was false, deceptive or misleading).  The *Evory* Court reasoned that the traditional "unsophisticated consumer" test was inappropriate when addressing communications sent to an attorney because "[m]ost lawyers who represent consumers in debt collection cases are familiar with debt collection law and therefore unlikely to be deceived." *Evory*, 505 F.3d at 774-775.  In *Allen*, the Third Circuit noted the district court's application of the "competent attorney" standard and expressed no disagreement with it.  *Allen*, 629 F.3d at 368.

III.    **DISCUSSION**:

    Plaintiff has failed to plausibly plead a violation of the FDCPA; therefore, his Complaint will be dismissed.  In his Opposition to Defendants' Motion, Plaintiff limits the theory of his case to Defendants' August 20, 2018 email to Plaintiff's counsel and events that transpired at that time or thereafter.  (Pl.'s Opp. pp. 5-6.)  Plaintiff specifically references the fact that the University of Pennsylvania withheld his transcript and did not make arrangements for its release. (*Id.*)

    Plaintiff argues that Defendants' August 20, 2018 email was misleading, in violation of 15 U.S.C. § 1692e, in that it allegedly suggested that the $5,899.99 time-barred portion of debt was actionable.  (*Id.* at 6, 8-9.)  Stated another way, Plaintiff argues that the email lumped the

two debts together and suggested that Plaintiff had a legal obligation to pay the entire debt by

failing to affirmatively state that the $5,899.99 not owed under Plaintiff's Perkins loan was time-

barred.  (*Id.*)

Plaintiff also argues that the August 20, 2018 email violated 15 U.S.C. § 1692e(5)

because it improperly threatened litigation that Defendant either had no intention of taking or

could not actually take because the debt was barred by the applicable statute of limitations.  (*Id.*

at 9-11.)  Finally, Plaintiff argues that Defendants violated 15 U.S.C. § 1692f by withholding his

academic transcript and not making arrangements for its release.  (*Id.* at 3-4.)  Plaintiff's

Complaint is devoid any reference to 15 U.S.C. § 1692f.

### A.      The Complaint Fails to State A Claim for Relief Under 15 U.S.C. § 1692e(2)

In the Complaint, Plaintiff avers that Defendant's August 20, 2018 email violated Section

1692e(2) by conflating and attempting to collect on both the $2,326.90 owed on the Perkins

Loan and the time-barred debt in the amount of $5,899.99.  (Compl. ¶ 35.)  Plaintiff avers that

the email was improper because it failed to specify that the larger portion of the debt was time-

barred and, therefore, unenforceable.  (*Id.*)

Accepting all the facts pled in the Complaint as true, Defendant nonetheless fails to state

a claim under 15 U.S.C. § 1692e(2).  Section 1692(e)(2)(A) provides that "[a] debt collector may

not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt" and that such conduct includes "[t]he false representation of . . . the

character, amount, or legal status of any debt."  *Id.*  Plaintiff, however, has not identified

any false representation made by Defendants in the August 20, 2018 email with respect to the

"character, amount, or legal status" of the disputed debt.  *See* 15 U.S.C. § 1692e(2)(A).

A plain reading of the August 20, 2018, email illustrates that it was limited to the Perkins Loan. The email made specific reference to the Perkins Loan and did not make reference to the $5,899.99 loan or any other loan. The email was not a "false representation of . . . the character, amount, or legal status of any debt." *See Jensen*, 791 F.3d at 442. While the "least sophisticated debtor" standard is low, it is not so low as to permit liability based on "bizarre or idiosyncratic interpretations of collection notices" that lack "a quotient of reasonableness." *Wilson*, 225 F.3d at 354-55. In applying the "least sophisticated debtor" standard, the Court also notes that the August 20, 2018 email was sent to Plaintiff's counsel and that the parties had been actively engaged in litigation related to the debt in question. It is not reasonable to infer that Plaintiff or his attorney were misled or deceived about the character, amount, or legal status of the debt at issue where Defendants' email expressly referred to "the outstanding balance owed for the Federal Perkins Loan Perkins Loan."

Simply stated, Plaintiff's theory under Section 1692e(2) is "unsupported by other facts" of this case and hence "nothing more than a conclusory statement" or a "[t]hreadbare recital[] of the elements of a cause of action." *Wells Fargo Bank, N.A. v. Bertea*, No. 13-7232, 2014 U.S. Dist. LEXIS 64880 *6 (D.N.J. May 12, 2014). Therefore, Plaintiff's claim brought under Section 1692(e)(2) will be dismissed with prejudice.

**B.**     **The Complaint Fails to State A Claim for Relief Under 15 U.S.C. § 1692e(5)**

Plaintiff avers that the August 20, 2018 email violated 15 U.S.C. § 1692e(5) in that it threated litigation when Defendants had no actual intention of filing a debt collection action. Plaintiff further avers that the email threatened to take legal action that could not legally be taken on the time-barred portion of the amount owed. (Compl. at 9-11.) Again, Plaintiff's theory

under Section 1692e(5) rests on the assertion, which we have rejected above, that the August 20, 2018 email lumped together Plaintiff's Perkins loan debt with other time-barred debt.  (*Id.*)

A debt collector violates Section 1692e(5) of the FDCPA when it "threat[ens] to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  To establish a claim under Section 1692e(5), a plaintiff must demonstrate that the debt collector threatened to take an action that could not legally be taken.  *See Brown*, 464 F.3d at 455; *Campuzano-Burgos*, 550 F.3d 301 (letters threatening legal action not actually contemplated can be actionable under the FDCPA).  Though not critical to the analysis of this action, we note that where the statute of limitations on the collection of the debt has run, it is well-accepted that the "expiration of the statute of limitations does not invalidate the debt," but rather "renders it unenforceable."  *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011).  The Third Circuit has determined that even where the debt is rendered unenforceable "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."  *Id.* at 32-33.  "Whether the debt collector's communications threaten litigation in a manner that violates the FDCPA depends on the language of the letter," which is evaluated from the perspective of the "least sophisticated debtor."  *Id.* at 33.  The Third Circuit does not require debt collectors to disclose that a debt is unenforceable because the statute of limitation has run.  *Tatis*, 882 F.3d at 430.

Here, the Complaint does not contain any factual allegations supporting the inference that Defendants threatened to take any action that could not legally be taken or that they did not intend to take.  *See generally*, *Powell v. Aldous & Assocs., P.L.L.C.*, 762 F. App'x. 127, 130 (3d Cir. 2019); *Daniels v. Soloman & Solomon, P.C.*, 751 F. App'x. 254, 257 (3d Cir 2018).  As

noted above, there was nothing about the August 20, 2018 email that could reasonably be construed to suggest that it pertained to the $5,899.99 time-barred debt.  The email clearly references only the outstanding Perkins Loan.  The Perkins Loan was not time-barred and was enforceable through legal action, including the pursuit of litigation.  The FDCPA further imposes no specific mandate that debt collectors inform a debtor that a debt is time-barred by the statute of limitations.  *Tatis*, 882 F.3d at 430 ("Nor do we impose any specific mandates on the language debt collectors must use, such as requiring them to explicitly disclose that the statute of limitations has run.").

Any argument that the Defendants threatened legal action that was not contemplated contradicts the facts of this case.  This Court takes judicial notice of the fact that the University of Pennsylvania filed the Georgia Action against Plaintiff to collect on the outstanding Perkins Loan.  (Defs.' Mot. Ex. A.)  A Court may consider and take judicial notice of matters of public record.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Bucks v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Such matters of public record may include prior judicial opinions, *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009), and government agency consent decrees.  *Group Against Smog and Pollution, Inc. v. Shenango Inc.,* 810 F.3d 116, 127-28 (3d Cir. 2016).

Plaintiff may not proceed on a theory that relies on a bizarre and idiosyncratic interpretation of Defendants' communication and that is clearly contradicted by the facts.  Plaintiff's claim under Section 1692e(5) will be dismissed with prejudice.

### C.   The Complaint Fails to State A Claim for Relief Under 15 U.S.C. § 1692f

In his Opposition to the Defendants' Motion to Dismiss, Plaintiff for the first time argues that Defendants violated 15 U.S.C. § 1692f by withholding his academic transcripts.  (Pls.' Opp.

pp. 3-4.)  He argues that Defendants improperly withheld transcripts without providing information on the specific method for obtaining release of his transcripts and the amount due under the loan.  FDCPA § 1692f is a catch-all provision containing eight non-exclusive examples of unfair practices under the statute.  It specifically states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

Plaintiff's Complaint alleges that Defendants withheld his academic transcripts.  (Compl. ¶¶ 17, 31-32, 37.)  However, he fails to plead any specific facts alleging that Defendants had anything to do with University of Pennsylvania's withholding of Plaintiff's  transcripts.  Without more, Plaintiff's conclusory assertions that Defendants withheld academic transcripts are insufficient to allege cause of action.  *See, e.g., Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss); *Wells Fargo Bank, N.A. v. Bertea*, No. 13-7232, 2014 U.S. Dist. LEXIS 64880, at *6 (D.N.J. May 12, 2014) (noting that mere conclusory statements in support of threadbare recitals of the elements of a cause of action are insufficient to state a plausible claim for relief).  Plaintiff's allegations fail to plausibly allege that Defendants have liability for the withholding of his transcripts.

Plaintiff also fails to identify any legal support for his theory that the act of withholding his academic transcript in relation to his default on student loan payments violated FDCPA § 1692f.  Contrary to Plaintiff's arguments, the Ninth Circuit Court of Appeals has specifically held that no violation of Section 1692f occurs when academic transcripts are withheld.  *Juras v. Aman Collections Serv.*, 829 F.2d 739, 742 (9th Cir. 1986) (withholding an academic transcript is not an unfair means of debt collection under Section 1692f).  Courts in this Circuit have also addressed the issue of withholding transcripts in the context of bankruptcy filings and permitted

the practice so long as it does not violate the automatic bankruptcy stay. *Johnson v. Edinboro State College*, 728 F.2d 163 (3d Cir. 1983) (holding that a state university could withhold a debtor's transcript from him in an effort to collect an unpaid student loan where the loan obligation was not dischargeable in bankruptcy); *In re Billingsley*, 276 B.R. 48, 49 (Bankr. D. N.J. 2002) ("[T]he court holds that where the student loan is concededly non-dischargeable, a private educational institution does not violate the automatic stay by withholding the transcript of a student debtor who had defaulted on her loan.").

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted with prejudice as to Plaintiff's claims for violation of FDCPA §§ 1962e(2) and 1962e(5), and granted with leave to amend as to a claim for violation of Section 1962f.  An appropriate order follows.


**BY THE COURT:**


 /s/ John Milton Younge
**JUDGE JOHN MILTON YOUNGE**